## MOORE v. BRINK.

*Partnership — joint-stock associations are partnerships. Parties.*

Joint-stock associations, except as otherwise provided by statute, are partnerships, and a creditor must proceed against the surviving shareholders before an action can be maintained against the representatives of a deceased shareholder.

APPEAL by plaintiff from a judgment in favor of defendants entered upon the decision of the court on a trial without a jury.

The action was brought by John D. Moore against William H. Brink and another as administrators of John Brink, deceased, to recover a demand due from a joint-stock association in which said John Brink was a shareholder. The facts fully appear in the opinion.

*W. B. Ruggles,* for appellant, cited *Bailey* v. *Hollister,* 26 N. Y. 112; *Matter of N. S. I. Ferry Co.,* 63 Barb. 556; *Diven* v. *Duncan,* 41 id. 524; *Waterbury* v. *Merch. U. Ex. Co.,* 3 Abb. (N. S.) 163; *Sandford* v. *Supervisors of N. Y.,* 15 How. 172.

*Rumsey & Miller,* for respondents.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

MULLIN, P. J. The Savona Union store was a voluntary joint-stock association that carried on the mercantile business at Savona in the county of Steuben, and was comprised of more than seven members, who were stockholders therein. On the 15th of August, 1858, said company became indebted to Chester Whitaker in the sum of $644.17, on which certain payments were made. In 1866 the plaintiff, to whom the aforesaid indebtedness had been assigned, brought an action in this court to recover said indebtedness, and in July of that year recovered a judgment against said company for $464.17 damages besides costs. An execution was duly issued on this judgment and returned wholly unsatisfied. John Brink was a member of said company from August, 1858, until his death in July, 1872. The defendants were appointed administrators of his estate and took upon themselves the duty of said office. The plain-

tiff, after the appointment of the said administrators, brought this action against them to recover the said indebtedness upon the ground that they had become owners of the stock held by their intestate at the time of his death, and were therefore liable as stockholders in said company.

The learned judge who tried the cause held that the action could not be maintained until the plaintiff had exhausted his remedy against the surviving members of said company, and as that had not been done he dismissed the complaint. The only question before us is whether this ruling of the learned judge was right.

In the absence of any legislation regulating the liability of members of these voluntary joint-stock companies or associations they are to be treated as partnerships and the members individually liable for the debts of the association.

The legislature in 1849 passed an act (chap. 258, Laws of 1849), providing that any joint-stock company consisting of seven or more members might sue and be sued in the name of the president or treasurer, and that suits so brought should have the same force and effect as regarded the joint rights, property and effects of said company as if prosecuted in the names of all the shareholders in the manner provided by law. It was further provided that no suit so commenced should stop by reason of the death or resignation of the officer in whose name it was brought. It was further provided that the officer in whose name the action was brought should not be personally liable upon the judgment recovered against him, nor should he be exempt from any liability he might be under as a member of said company.

By the fourth section of said act it was declared that nothing contained in it should be construed to deprive any plaintiff of the right after judgment against the company to sue all or any of the shareholders individually as is provided by law, or of the right to proceed in the first instance against the persons composing such company in the manner now provided by law. The fifth section provided that nothing in said act should be construed to confer on joint-stock companies any of the rights or privileges of corporations except as therein specially provided.

In 1853 another act was passed amending the act last referred to (chap. 153, Laws of 1853), and by the fourth section such former act was amended by providing that after judgment against the company and execution thereon is returned unsatisfied in whole

or in part, suits may be brought against any or all of the share-holders individually as now provided by law. The remaining pro-visions have no bearing on the question under consideration, and are therefore omitted.

. In view of the provisions of the fourth section of the act of 1849, as it was passed and as it is amended, it is manifest that whether joint-stock companies are or are not corporations the right to sue the members or stockholders individually after judgment and execution against the company is reserved to the creditor of the company, as that right existed at the time of the passage of the act of 1849.

At that time joint-stock companies, unless exempt by some special law, were mere partnerships and must have been proceeded against as such. And if one of the partners died the creditor must proceed against the surviving members before an action could be maintained against the representatives of the deceased partner. See cases collected in 4 Abb. Dig. 738-9, pls. 397 to 405.

The judgment is right and should be affirmed.

*Judgment affirmed.*